UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

NICHOLAS L TORRESIN,

Plaintiff,

v.

Case No. 26-cv-1242-bhl

MICHAEL A DUNN, et al,

Defendants.

---

**ORDER DENYING ELECTRONIC FILING PRIVILEGES**

---

On July 15, 2026, Plaintiff Nicholas Torresin, proceeding without an attorney, filed a complaint, suing fourteen named defendants and ten John Does in relation to a years-old business dispute. (ECF No. 1.)[1] Multiple defendants have filed motions to dismiss the claim, (ECF Nos. 14, 18, & 26), and one has filed a motion for a more definite statement, (ECF No. 32). While those motions are being briefed, Torresin has moved for leave to file documents with the Court electronically. (ECF No. 21.) This Order denies Torresin's motion.

General Local Rule 5(a)(2) exempts *pro se* parties from the District's electronic filing requirements. The District's policies and procedures regarding e-filing also state that *pro se* parties "cannot file electronically unless authorized by the court." United States District Court for the E.D. Wis. Electronic Case Filing Policies and Procedures Manual, Section I(a)(1), available at https://www.wied.uscourts.gov/e-filing/ecf-policies-and-procedures#In%20General. This policy exists to spare the Court Clerk and her busy staff the burden of educating and correcting *pro se* filers, who are not regular users of the Court's electronic filing system. Accordingly, the Court does not grant self-represented parties leave to file electronically absent extraordinary circumstances. *See Hobbs v. Willis*, No. 11-cv-467-pp, 2022 WL 1692062, at *1–2 (E.D. Wis. May 26, 2022).

---

[1]Torresin filed another federal lawsuit on July 15, 2026, *Torresin v. Hervat*, No. 26-cv-1240-BHL, ECF No. 1 (E.D. Wis. July 15, 2026), which also relates to a years-old business dispute.

Torresin has not established extraordinary circumstances justifying the relief he seeks. He states that he has a PACER account and already receives electronic filing notices. (ECF No. 21 at 1.) He further notes that he has a computer, access to the internet, email, and PDF documents. (*Id.*) And he argues that he is managing two federal civil cases involving multiple defendants, and electronic filing would reduce his costs. (*Id.*) None of these facts distinguishes Torresin from most other *pro se* filers. That he chose to file two sprawling lawsuits suing numerous defendants is not a basis for special treatment. To the extent his litigation approach has created a burden for himself, he took on that burden voluntarily. Torresin also asserts he will follow applicable rules and procedures. (*Id.*) But again, this is not something that justifies the Court granting him special privileges.

In the end, Torresin is in the same position as most other *pro se* plaintiffs, and these circumstances do not warrant allowing electronic filing privileges. If Torresin believes he faces some other unique circumstances that warrant granting electronic filing privileges, he may bring them to the Court's attention and file a new motion describing them.

Accordingly,

**IT IS HEREBY ORDERED** that Torresin's motion for electronic filing privileges, ECF No. 21, is **DENIED** without prejudice.

Dated at Milwaukee, Wisconsin on October 7, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge